UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: NATASHA POPOVICH,
_____

| | |
|---|---|
| Natasha Popovich, | |
| Appellant, | Case No. 10-14199 |
| v. | (Attorney Lien Appeal) |
| Wendy Gibson, | |
| Appellee. | Honorable Denise Page Hood |

_____/

## ORDER DISMISSING LIEN APPEAL

**I.     BACKGROUND**

This matter is before the Court on an attorney lien appeal filed by Claimant Natasha Popovich against her former counsel, Wendy Gibson as to a claim before the Settlement Facility-Dow Corning Trust ("SF-DCT"). The Court issued a briefing schedule. No response was filed by Ms. Gibson.[1]

---

[1] Rule 31(c) of the Rules of Appellate Procedure provides that if an appellee fails to file a brief, the appellee will not be heard at oral argument except by permission of the court. Fed. R. App. P. 31(c). This is the only sanction authorized by the rules which coincides with an appellate court's duty to affirm a judgment on any ground which is supported by the record, even in the absence of an opposing brief. *See Lampe v. Kash,* 735 F.3d 942, 943 (6th Cir. 2013) (Reversal of a judgment is not automatic for failure to file an appellate brief; the appellate court must consider the merits of argument presented and consider whether the judgment was in error.); *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1478 (9th Cir. 1992).

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization. *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996). The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA") *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09. The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") applies to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT. (Lien Review Procedures, § 1.01) Section 6.05 of the Lien

Review Procedures provides that all expenses incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained. (Lien Review Procedures, § 6.05) Allowable expenses incurred by an attorney who is an Alleged Lienholder are set forth in the Claimant Information Guide for Class 5 Breast Implant Claims and the Agreed Order Adopting Q&A's Regarding Article IX of Annex A, The Claims Resolution Procedures, July 22, 2004. (Lien Review Procedures, § 6.05) A claimant or attorney wishing to contest the asserted lien must file a Notice of Objection form in the SF-DCT no later than 45 days from the date of the SF-DCT's letter notifying the claimant of the asserted lien. (Lien Review Procedures, § 4.02(a)) If the claimant or attorney submits an objection, then the matter is referred to the Lien Judge for resolution. (Lien Review Procedures, § 4.02(d)) A "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge." (Lien Review Procedures, § 7.01)

Although Claimant did not submit a copy of the Lien Judge's final written decision regarding the lien dispute, Claimant states the Lien Judge granted Ms. Gibson's fee request of $6,645.21. Claimant alleges her counsel was negligent in handling her case. Claimant asserts that she heard very little from Ms. Gibson after

2001 and nothing from her between 2003 and 2005. In 2005, Claimant's rupture claim was approved and she was paid $20,000 for the claim. According to Claimant, Ms. Gibson received $3,335.00 from the rupture payment for Ms. Gibson's fees.

Claimant states that Ms. Gibson submitted her disease claim to the SF-DCT sometime after September 2005, although Ms. Gibson believes the disease claim should have been submitted in 2003. On December 15, 2006, Claimant states that she "stipulated" Ms. Gibson out of her case. Claimant thereafter started working on her case and was given instructions by the SF-DCT about what was required to support her disease claim. Claimant asserts that in 2009, she found a board certified treating medical doctor who submitted the proper support for her disease claim. Claimant was then placed in the compensation classification of $110,000.00. Claimant argues that Ms. Gibson does not deserve any part of the $110,000.00 payment from the SF-DCT.

Because Claimant did not submit a copy of the Lien Judge's final decision on the lien dispute, the Court is unable to determine whether this appeal is timely. Even if the appeal was timely filed, the Court finds Claimant has not carried her burden to show that the Lien Judge's decision was in error. As noted by Claimant in her submissions, Ms. Gibson was responsible for submitting Claimant's disease

claim to the SF-DCT in 2005, even though Claimant believes the disease claim should have been filed in 2003. Claimant's rupture claim filed by Ms. Gibson was approved by the SF-DCT as Claimant stated in her submissions. This likely means that product identification as to Claimant's disease claim was approved based on the medical information submitted relating to her rupture claim.

Ms. Gibson in fact filed the disease claim as noted by Claimant. Medical information related to the Claimant's disease claim was also submitted by Ms. Gibson as noted by Claimant. Although Claimant asserts that she had to obtain another medical opinion in 2009 to support her disease claim, after Ms. Gibson was discharged as her counsel, Claimant has not shown that Ms. Gibson did not incur $6,645.21 in expenses when Ms. Gibson filed Claimant's disease claim with the SF-DCT. The expenses incurred may have been related to a successful product identification, submission of the disease claim forms with any related medical information in 2005 and 2006, prior to Ms. Gibson's discharge as Claimant's counsel.

The Lien Judge awarded $6,645.21 to Ms. Gibson for expenses incurred relating to the submission of Claimant's disease claim. The Lien Review Procedures provide that the lienholder must provide written documentation of the expenses sought to the Lien Judge for review. (Lien Review Procedures, § 6.05)

5

Any award by the Lien Judge must be "reasonable in relation to the work performed and the result obtained." (Lien Review Procedures, § 6.05) Pursuant to the Lien Review Procedures the Lien Judge was to review the submissions submitted by both Ms. Gibson and Claimant. Claimant has not submitted sufficient evidence to show that the Lien Judge's award of $6,645.21 was not properly supported with written documentation submitted by Ms. Gibson.

Accordingly,

IT IS ORDERED that Appellant Natasha Popovich's Lien Appeal (**Doc. No. 1**) is DENIED.

IT IS FURTHER ORDERED that the Lien Judge's decision awarding $6,645.21 in expenses to Appellee Wendy Gibson is AFFIRMED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

                s/Denise Page Hood
                DENISE PAGE HOOD
                United States District Judge

DATED: April 14, 2014

### CERTIFICATE OF SERVICE/MAILING

I certify that a copy of this document was served on this date electronically or by ordinary mail to all parties in interest.

                s/Julie Owens
                Deputy Clerk (313) 234-5090

Date: April 14, 2014